# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:13-cr-00029-GZS |
| MITCH MERRITT, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 921).  For the reasons explained herein, the Court DENIES the Motion.

### I.    LEGAL STANDARD

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence.   See 18 U.S.C. § 3582(c)(1)(A)(i).  In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1]  Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least four circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C.

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release).  The Court notes that based on a renewed, post-pandemic motion for compassionate release, Estrella was granted compassionate release.  See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020) .

§ 3582(c)(1)(A).  See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." See United States v. Fox, No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020).  Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a).  Critically, in exercising its discretion to grant any sentence reduction, the Court considers "the need . . . to protect the public from further crimes of the  defendant."  18 U.S.C. § 3553(a)(2)(C);  );  see also U.S.S.G. § 1B1.13(2) (requiring a court determination that "the defendant is not a danger to the safety of any other person or the community").

## II.    DISCUSSION

Defendant Mitch Merritt, now 37 years old, is presently serving a 151-month sentence imposed by this Court for distribution of heroin.  He is presently serving his sentence at Danbury FCI with an estimated release date of January 5, 2024.  His documented health conditions include type 1 diabetes, hypertension, hepatitis C, and gastroparesis.  He is currently designated Physical Care Level 2.  He initially sought compassionate release from the BOP but that request was denied. (See Def. Ex. A (ECF No. 921-2).)  Thereafter, he filed the pending Motion, which asserts that the

combination of the COVID-19 pandemic and his underlying health conditions creates extraordinary and compelling reasons for the Court to reduce his sentence.

In a supplemental filing on December 18, 2020, Defendant's counsel notified the Court that Merritt had tested positive for SARS CoV 2.  Based on the attached lab report, it appears that Merritt's positive result was reported on December 13, 2020 based on a sample collected on December 7, 2020.  (See ECF No. 939-1, PageID #s 2455-56.)  As additionally documented in the exhibits attached to the Defendant's supplemental filing, Merritt was transported to Danbury Hospital for suspected diabetic ketoacidosis on December 11, 2020.[2]   Beyond these latest developments, the exhibits attached to Defendant's Motion reflect significant, ongoing issues with maintaining his blood glucose that pre-date the pandemic.  The Government and Defendant disagree as to whether fault for these issues lies with Danbury FCI or Merritt individually.  However, there is no dispute that Merritt's underlying diabetes and hypertension may place him at risk for severe illness from COVID-19, according to the latest guidance from the Centers for Disease Control.[3]

The Court need not resolve the many factual disputes raised by the record presented with respect to Merritt's diet and insulin schedule.  Despite those disputes, the Court finds that Merritt's ability to self care and follow medical advice for his diabetes is diminished under the current conditions at Danbury FCI, where operations are currently modified in an effort to limit the spread

---

[2] It does not appear that anyone involved in the decision to transfer Merritt to the hospital on that date was aware or suspected that he was positive for SARS CoV 2/COVID-19.

[3] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited 12/23/2020);  see also Def. Motion (ECF No. 921), PageID # 1827; Gov't Response (ECF No. 932), PageID # 2027.

of COVID-19.[4]   Based on that finding, the Court assumes without deciding that Merritt has presented extraordinary and compelling medical reasons why the Court might consider reducing his sentence.

However, the Court next considers the nature and circumstance of Merritt's offense, his history and characteristics, and the various goals that informed the Court's initial 151-month sentence in this case.  Most concerning to the Court is that this Defendant has not undergone drug treatment to-date and continues to engage in drug seeking behavior.  In 2018, Merritt deferred on an opportunity to enroll in RDAP.[5]  While the record reflects that he has actively sought medically assisted treatment (MAT), he has not received such treatment to date.  Recently, as reflected in the BOP Health Services note, dated December 12, 2020, Merritt apparently lied to staff at Danbury Hospital and "was requesting suboxone, methadone, or an rx of dilaudid."[6] (ECF No. 939-1, PageID # 2452.)  Against the backdrop of Defendant's long history of abusing opioids and opiates and his extensive involvement in distributing large amounts of heroin in Maine and New Hampshire, the Court is deeply concerned that Merritt is not prepared to comply with the conditions of supervised release while living with his grandmother in New Hampshire.  In short,

---

[4] To the extent that Defendant also asserted a need to avoid contracting this novel virus, it appears that basis for his motion is now moot as a result of Defendant testing positive for the virus as of December 7, 2020.  However, the Court notes that FCI Danbury is currently reporting 22 confirmed active cases among inmates, while acknowledging having tested 846 inmates and having had a total of 181 inmates test positive.  See https://www.bop.gov/coronavirus/ (last visited 12/28/2020).

[5] The Court acknowledges that Merritt asserts he did this based on a desire to complete a vocational program he was already enrolled in and advice he received that he could complete RDAP later in his sentence.  See Gov't Response, PageID # 2030. However, in the Court's assessment, Merritt's explanation still reflects an implicit acknowledgment that he has not completed the treatment that the Court recommended as part of his sentence.

[6] As documented in the Government's Response, Defendant was also apparently revived with Narcan on April 13, 2020, ECF No. 933-3, PageID # 2132-33, and was seen in the clinic on March 2, 2020 for "suspected drug usage/overdose."  Id., PageID 2142-43.  The Court acknowledges that Defendant's assertion that "both of these incidents turned out to be related to the loss of consciousness due to low blood sugar." Def. Reply (ECF No. 938), PageID # 2448.  However, this assertion is not adequately supported on the record.

the Court concludes that Defendant has not met his burden of convincing the Court that his immediate release would not present a danger to the public.

Ultimately, in considering whether a sentence reduction is warranted based on extraordinary and compelling reasons tied to an inmate's medical condition, the Court is asked to weigh the relative risks to a person if he remains incarcerated against the risks to the same person and the community under the proposed release plan. While the Court necessarily acknowledges the risks associated with Merritt's ongoing incarceration, particularly in light of his diabetes and recent COVID-positive test, the Court concludes that Merritt's immediate release into a community in which outpatient medical care, drug treatment, and supervision are less readily available due to the ongoing pandemic, presents a greater risk to both him and the community.

Therefore, the Court DENIES Defendant's Motion for Compassionate Release (ECF No. 921).[7]

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 28th day of December, 2020.

---

[7] The Court notes that Defendant has attempted to support his present Motion by providing the Court with various items from a class action currently pending in the United States District Court for the District of Connecticut titled, Whitted v. Easter, D. Conn. Docket No. 3:20-cv-00569 (MPS). See ECF No. 921-1 (5/12/20 Ruling on Motion for Temporary Restraining Order & Motion to Dismiss), 940-1 (12/17/2020 Motion to Enforce Settlement). Having reviewed the docket in that case, the Court takes judicial notice that Merritt is apparently a member of the class in that case and that the case was resolved via an approved settlement. Judge Shea has retained jurisdiction to enforce the terms of the settlement. See ECF No. 241 in D. Conn. Docket No. 3:20-cv-00569 (MPS). Given the ongoing nature of that class litigation, the Court states no view on whether Merritt may be entitled to any relief as a member of the Whitted class. Rather, the Court has limited its review to the record presented here and the limited question of whether Merritt should have his sentence reduced under 18 U.S.C. § 3582(c)(1)(A).